ACCEPTED
12-15-00294-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
12/28/2015 4:59:29 PM
Pam Estes
CLERK

**Cause No. 12-15-00294-CR**

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
12/28/2015 4:59:29 PM
PAM ESTES
Clerk

| | | |
|---|---|---|
| | § | **IN THE COURT OF APPEALS** |
| **IN RE:** | § | |
| **David Mark Davis II** | § | **TWELFTH JUDICIAL REGION** |
| | § | |
| | § | **TYLER, TEXAS** |

## RELATOR'S RENEWED MOTION FOR EMERGENCY RELIEF

TO HONORABLE JUSTICES OF SAID COURT:

NOW COMES THE RELATOR, David Mark Davis II, who moves the Honorable Court for emergency relief[1] and to decide his **Petition for Mandamus** at the ***earliest possible time*** pursuant Tex. C. Crim. Proc. Art 11.11. In support, Mr. Davis would show the following:

### Facts and Procedural History

1.  On September 18, 2015, Relator filed an application for a writ of habeas corpus seeking relief from an unconstitutional class C misdemeanor conviction. This habeas case was filed in Respondent's Court.

2.  On November 5, 2015, and without hearing, Respondent entered a final order denying Relator's application for writ of habeas corpus. Respondent, however, failed to complete a Certificate of Defendant's Right to Appeal.

3.  On November 5, 2015, Relator filed his Notice of Appeal in the trial court and this court.

4.  On November 5, 2015, the Clerk of this Court assigned the above referenced appeal cause number 12-15-00273-CR.

---

[1] Relator is asking this Court to decide this case on the emergency docket or as soon as possible IAW TCCP Art 11.11.

5. On November 12, 2015, the Clerk of this Court sent Relator notice that his notice of appeal needed to be amended. This amendment was completed on November 13, 2015.On November 13, 2015, Relator realized that the trial court had failed to complete a Certificate of Defendant's Right to Appeal when it entered the appealable order denying Relator's application for writ of habeas corpus. Relator sent the trial court a written letter reminding it of the need to effect this certification. A copy of this reminder was filed in this Court as part of the related appeal, cause no. 12-15-00273-CR.

6. On November 25, 2015, Relator again contacted, in writing, the trial court to remind the court of its need to effect this certification of Relators right to appeal. This letter was also made part of the related appeal pending in this Court.

7. On December 6, 2015, Relator was required to file this mandamus action which seeks relief from the Respondent's continued refusal to certify Relator's right to appeal the adverse finding in the underlying habeas corpus action.

8. On December 13, 2015, Relator filed a motion for emergency relief pursuant Article 11.11 of the Texas Code of Criminal Procedure.

9. On December 16, 2015, this court issued a request to the Respondent, and all interested parties, to supply this Court with any statements it has regarding this mandamus action. This Court set December 28, 2015 as the deadline for turning in any responses.

10. As of close of business on December 28, 2015 no responses or motion for additional time have been filed by any party.

11. As of close of business on December 28, 2015, the Angelina County Clerk has not received the certification of Mr. Davis' right to appeal for filing.

**ARGUMENT**

Ever since November 5, 2015, the Respondent has been faced with the following choices: (1) certify Mr. Davis right to appeal as the law requires, or (2) refuse to certify Mr. Davis right to appeal.

The Respondent for some reason has elected the latter of the two choices. From the Relator's understanding, this choice is not about what the law expects of the Respondent in this case. Mr. Davis complains that this is retaliation toward Mr. Davis for Davis exercising his right to freedom of speech and holding Angelina County officials accountable[2]. This case could have very easily have been avoided if the Respondent would simply have certified Mr. Davis right to appeal. This sadly didn't occur and now this Court's time and resources are having to be taken away from other cases so that it can compel the Respondent to do his job.

Mr. Davis simply ask this Court to do the just thing and immediately grant the writ of mandamus Mr. Davis seeks. Article 11.11 of the Texas Code of Criminal Procedure is very clear in how legislature wants habeas cases to be processed: ASAP.

**PRAYER**

**WHEREFORE PREMISES CONSIDERED**, Relator again moves the Honorable Court grant this Motion for Emergency Relief and for all other relief Relator might be justly entitled.

Respectfully submitted,

_____
David Mark Davis II
Relator, Pro Se
11 Glenview Court
Lufkin, Texas 75901
(936) 238-850

---

[2] Removal action initiated by Davis concerning Mr. Ed Jones, See State ex rel. Davis v. Jones.; Mr. Davis' calling to the carpet the County Tax Assessor-Collector for her policies which have denied troops in combat the right to vote; Mr. Davis' very vocal concern that the Lufkin Police Department has failed to do its job (Lufkin is 3rd highest in major crime in the state); Mr. Davis' running off a former Lufkin City Council member who embezzled city funds into his private company.

## CERTIFICATE OF SERVICE

I hereby certify that at the time of electronically filing this case, I served the foregoing pleading by electronic service upon the following:

Respondent:
via email to wsuiter@angelinacounty.net

Real Party in Interest:
via email to ejones@angelinacounty.net

David Mark Davis II